IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0061-22** |
| | GPD Report No. 22-02584 |
| v. | |
| | **DECISION AND ORDER** |
| **JASON SCOTT MATSUMIYA** | **GRANTING** |
| (*aka* **JAY**), | **THE PEOPLE'S MOTION** |
| DOB: 12/24/1984 | **TO REVOKE PROBATION** |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 27, 2024, for a Revocation Hearing in the above-captioned matter related to Jason Scott Matsumiya's (*aka* Jay's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Jacob Wagner. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting the People's Motion to Revoke Probation.

## BACKGROUND

On April 28, 2022, Defendant pled guilty to Charge One: Violation of a Court Order (as a Misdemeanor). See Judgment of Conviction (Jun. 28, 2022). Pursuant to the terms of Defendant's plea agreement, a judgment was entered imposing the following relevant conditions of probation:

- **NO DRUGS:** Defendant shall not possess or consume any illegal controlled substances or marijuana.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

Decision and Order Granting the People's Motion to Revoke Probation
CM0061-22, *People of Guam v. Jason Scott Matsumiya*
Page 1 of 5

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **FINE:** Defendant shall pay a **fine** of **one thousand dollars ($1,000.00)** plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Id.

On November 22, 2022, multiple Violation Reports were filed indicating that Defendant had violated the terms of his probation. It was made known that Defendant had consumed both marijuana and methamphetamine throughout the month of November, as he reported using the substances on November 3, 2022 and November 16, 2022. See First Violation Report (Nov. 22, 2022); Second Violation Report (Nov. 22, 2022). It was also made known that Defendant hadn't been reporting to the Adult Probation Office as instructed, and that he missed multiple scheduled meetings with them. See Second Violation Report (Nov. 22, 2022).

On January 25, 2023, another Violation Report was filed indicating that Defendant had violated multiple terms of his probation. The Court was informed that Defendant had tested positive for methamphetamine use for the third time since entering probation. See Third Violation Report (Jan. 25, 2023). The Court was also informed that Defendant still hadn't been reporting to the Adult Probation Office as required, and that he had failed to attend his drug and alcohol counseling sessions at the Guam Behavioral Health and Wellness Center. Id.

Two more Violation Reports were filed in 2023 which detailed Defendant's fourth and fifth positive drug tests for methamphetamine since entering probation. See Fourth Violation Report (Apr. 20, 2023); Fifth Violation Report (Aug. 2, 2023).

Decision and Order Granting the People's Motion to Revoke Probation
CM0061-22, *People of Guam v. Jason Scott Matsumiya*
Page 2 of 5

On January 10, 2024, a Sixth Violation Report was filed indicating that Defendant had continued to violate the terms of his probation. These violations include Defendant's sixth positive drug test for methamphetamine, Defendant's failure to attend CSFC's treatment recommendations, and Defendant's continued failures to report to the Adult Probation Office. See Sixth Violation Report (Jan. 10, 2024). The Report also made known that Defendant hadn't made any progress in paying off either his fine or his court costs. Id.

A Further Proceedings Hearing was scheduled for March 6, 2024 and the Court ordered Defendant to appear. See Summons (Jan. 11, 2024). However, Defendant failed to attend or follow the Court's orders, and a bench warrant was issued for his arrest. See Minute Entry (Mar. 6, 2024); Bench Warrant (Mar. 12, 2024). Defendant spent the next five months on the run until his eventual arrest in August 2024. See Return of Warrant Service (Aug. 20, 2024).

On August 28, 2024, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Aug. 28, 2024). Opposing the Motion, Defendant claims he still has the ability to complete the terms of his probation if given another chance. See Opposition to Motion (Sep. 10, 2024).

On September 27, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Sep. 27, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

Decision and Order Granting the People's Motion to Revoke Probation
CM0061-22, *People of Guam v. Jason Scott Matsumiya*
Page 3 of 5

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant has tested positive for methamphetamine use on six different occasions. Defendant has also failed to make any progress on paying of his fines or court costs, failed to report to the Adult Probation Office as required, and failed to attend his drug/alcohol counseling sessions at CSFC.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Decision and Order Granting the People's Motion to Revoke Probation
CM0061-22, *People of Guam v. Jason Scott Matsumiya*
Page 4 of 5

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. Defendant repeatedly violated the same probationary conditions over and over again, accumulating six different positive drug tests for methamphetamine usage. Defendant also blatantly ignored the Court's orders, failing to appear at scheduled hearings. This was especially concerning given that Defendant's probation was originally imposed for his actions in violating a different court order. Rather than complete his probation conditions, Defendant spent much of his time violating the same conditions that landed him on probation in the first place.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this ___Nov. 14, 202___.

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting the People's Motion to Revoke Probation
CM0061-22, *People of Guam v. Jason Scott Matsumiya*
Page 5 of 5